**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

DON KING PRODUCTIONS, INC .

    Plaintiff

        v.

LA ALEGRIA CHICKEN INN, et. al.

    Defendants

**CIVIL NO. 05-1176 (HL)**

## REPORT AND RECOMMENDATION

    In the instant case, plaintiff claims that various defendants exhibited its copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against codefendants Colmado Puna & Gilberto, Ana J. Rodriguez Rodríguez, and conjugal partnership Doe-Rodríguez at docket 37 on July 8, 2005.

    After the default was entered, plaintiff moved for judgment by default. Subsequently, the Court referred the matter to this Magistrate-Judge. For the establishment and defendants related to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business. The affidavits, *inter alia,* detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited. Plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in the case. Finally, plaintiff included a detail of the cost of the summons for each defendant.

    Inasmuch as the aforementioned defendants are in default, this " . . . constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F.Supp.2d 273, 274-275 (D.P.R. 2002); Banco Bilbao Vizcaya Argentiara v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) and  Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1 st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 444 (1983) (citing Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); Dundee Cement Co. v.

**CIVIL NO. 05-1176 (HL)**  2

Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319 (7th Cir. 1983) and Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge ... has considerable latitude in determining the amount of damages." See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993) and Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010, 1015-1016 (7th Cir. 1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000. Given the above, the Court recommends that defendants' violations warrant statutory damages based on the number of patrons each defaulting defendant had present in its commercial premises at the time of the violation.

Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). The Court agrees that payment of said fees is warranted. See Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950- 951 (1st Cir. 1984); Blum v. Stenson, 465 U.S. 886, 895 (1984) and Mountain Cable Company v. Choquette, 53 F.Supp.2d 107, 114-115 (D. Mass. 1999).

Given the above, the following recommendations as to monetary judgments are made:

That codefendants Colmado Puna & Gilberto, Ana J. Rodríguez Rodríguez, and conjugal partnership Doe-Rodríguez be ordered to pay plaintiff the amount of $2,000 for statutory damages, plus $500 in attorneys' fees and costs.

Under the provisions of 28 U. S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED**

In San Juan, Puerto Rico, this 20th day of January, 2006.

*Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States Magistrate-Judge